**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

JAN 1 9 2022

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

**ROBERT BODNAR, on behalf of himself**
**and all others similarly situated**

**PLAINTIFF**

**VS.**                    Case No. _2:22-cv-13-BSM_

**CARVANA, LLC**                                **DEFENDANT**

This case assigned to District Judge _Miller_
and to Magistrate Judge _Volpe_

**NOTICE OF REMOVAL OF CARVANA, LLC**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Carvana, LLC ("Carvana"), by and through its counsel, hereby gives notice of removal of this action from the Circuit Court of Crittenden County, Arkansas to the United States District Court for the Eastern District of Arkansas, stating as follows:

## I.    FACTUAL BACKGROUND

1.      On or about October 27, 2021, Plaintiff Robert Bodnar ("Plaintiff") filed his Complaint in the Circuit Court of Crittenden County, Arkansas captioned *Bodnar v. Carvana, LLC*, Case No. 18-cv-21-632.   A copy of the Complaint is attached hereto as Exhibit 1.  Plaintiff served Carvana with a copy of the Complaint on December 22, 2021. *See* Summons (Ex. 2).

2.      Plaintiff alleges that Bodnar is "an adult individual presently residing . . . in West Memphis, [Arkansas]."  Compl. (Ex. 1) ¶ 1.

3.      Plaintiff alleges that Carvana is a "Georgia corporation." *Id.* ¶ 2.

4.      Plaintiff seeks to represent himself as well as a class of "[a]ll persons in the United States west of the Mississippi River who entered into contracts with Carvana to purchase vehicles in the two years before the commencement of this action and Carvana agreed to provide car

registration services with non-temporary vehicle registrations in the state of their residence" and a subclass of persons from the State of Arkansas who are members of the proposed class. Compl. (Ex. 1) ¶ 24.

5.       The Complaint alleges that Carvana breached certain contracts with Plaintiff and members of the proposed class and subclass when Carvana allegedly failed to provide vehicle licenses and registrations in exchange for fees that Plaintiff allegedly paid. *Id.* ¶¶ 14, 16, 40-47.

6.       The Complaint further alleges that Carvana violated Arkansas' Deceptive Trade Practices Act ("DTPA") vis-à-vis the proposed subclass by allegedly collecting registration, licensing, and/or transit fees improperly and issuing temporary registrations without the right to do so.[1] *Id.* ¶¶ 48-58.

## II.    GROUNDS FOR REMOVAL

7.       This case is removable, and this Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, because (1) this case is a putative class action with more than 100 members in the proposed class, (2) there is minimal diversity, because Carvana and at least one member of the proposed class are citizens of different states, and (3) the Complaint places in controversy an amount that exceeds $5 million in the aggregate.

### A.    The Proposed Class Readily Exceeds 100 Members

8.       For purposes of removal, CAFA requires that the proposed class consist of at least 100 members. *See* 28 U.S.C. § 1332(d)(5).  Plaintiff defines the proposed nationwide class as "[a]ll persons in the United States west of the Mississippi River who entered into contracts with

---

[1] Although Count II is alleged as an "individual claim," Paragraph 48 of the Complaint states that "[t]his claim is brought on behalf of the Plaintiff individually and on behalf of the Arkansas Title Class members." *See* Compl. (Ex. 1) ¶ 48.

Carvana to purchase vehicles in the two years before the commencement of this action and Carvana agreed to provide car registration services with non-temporary vehicle registrations in the state of their residence." Compl. (Ex. 1) ¶ 24. Plaintiff then defines a subclass of "[a]ll persons from the State of Arkansas who are members of the Nationwide Class." *Id.*

9.      The proposed class for purposes of removal easily includes more than 100 members, given that information currently available to Carvana shows that, from October 27, 2019 through October 27, 2021, more than 100 persons in states west of the Mississippi River (including more than 100 persons in the State of Arkansas) entered into contracts with Carvana to purchase vehicles and paid certain fees related to registration, title, and/or licenses. *See, e.g., Kolesar ex rel. Kolesar v. Evangelical Lutheran Good Samaritan Soc'y*, 2012 WL 1520283, at *2 (E.D. Ark. Apr. 30, 2012) (accepting citizenship allegations stated "upon information and belief" in removal petition). Accordingly, the requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

### B.      Minimal Diversity Exists Among The Parties

10.     For purposes of establishing federal jurisdiction, CAFA requires only minimal diversity, and a defendant need only show that "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A)

11.     According to the Complaint, Plaintiff is a resident of Arkansas. Compl. (Ex. 1) ¶ 1. Upon information and belief, Plaintiff is a citizen of the State of Arkansas for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Plaintiff also seeks to represent a class of individuals from all of the states west of the Mississippi River as well as a subclass of Arkansas residents. *See* Compl. (Ex. 1) ¶ 24.

12.     Plaintiff alleges that Carvana is a Georgia corporation. *See* Compl. (Ex. 1) ¶ 2. As alleged, Carvana would be a citizen of the State of Georgia for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(d)(10). In fact, however, Carvana is organized under the laws of the State

of Arizona and has its principal place of business in the State of Arizona. *See* Decl. of R. Collins III (Ex. 3) at Ex. A. Carvana is thus a citizen of the State of Arizona for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(d)(10).

13.     Either in fact or as alleged, sufficient diversity of citizenship exists between Plaintiff and Carvana or, alternatively, between at least one other member of the proposed class and Carvana, and removal is proper. *See* 28 U.S.C. § 1332(d)(2)(A).

## C.     The Amount In Controversy Exceeds $5 Million

14.     CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Where a complaint does not allege a dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016).

15.     Plaintiff seeks actual damages, including the refund of all registration and title fees. Compl. (Ex. 1) ¶ 19; Prayer for Damages. Plaintiff specifically alleges such fees amount to $36.39 for himself. Compl. (Ex. 1) ¶ 19. Plaintiff also seeks to represent a class of vehicle purchasers in the two years before Plaintiff initiated this action on or about October 27, 2021. *Id.* ¶ 24. Information currently available to Carvana shows that, from October 27, 2019 through October 27, 2021, the total registration fees paid by customers in states west of the Mississippi River was over $5,000,000.

16.     In addition, Plaintiff seeks penalties under the DTPA of $10,000.00 per violation. Compl. (Ex. 1) at Prayer for Damages. Such penalties are properly considered in determining

whether the jurisdictional amount has been satisfied.  *See, e.g., Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 985 (8th Cir. 2019).

17.     Carvana denies any and all liability and contends that Plaintiff's allegations are entirely without merit.  For purposes of this Notice of Removal, however, taking Plaintiff's factual and legal allegations as true, the amount-in-controversy exceeds $5,000,000, exclusive of interest and costs, and satisfies the amount-in-controversy requirement of CAFA.  *See* 28 U.S.C. § 1332(d)(2).

### III.   COMPLIANCE WITH REMOVAL STATUTE

18.     The Notice of Removal was properly filed in the United States District Court for the Eastern District of Arkansas, because the Circuit Court of Crittenden County, Arkansas is located in this federal judicial district.  *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

19.     The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

20.     Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibits 1 and 2 are true and correct copies of the Complaint and all process, pleadings, and orders served upon Carvana.  *See* Compl. (Ex. 1); Summons (Ex. 2).  Carvana has not filed an answer or other response to the Complaint in the Circuit Court of Crittenden County, Arkansas and is not aware of any currently pending motions in that court.

21.     The Complaint was served on Carvana on December 22, 2021.  *See* Summons (Ex. 2).  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b)(1).

22.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff, and a copy, along with a Notice of Filing of the Notice of Removal, is also being filed with the Clerk of the Court of the Circuit Court of Critten County, Arkansas today.

23.     Carvana reserves the right to amend or supplement this Notice of Removal. Carvana further reserves all rights and defenses, including those available under Federal Rule of Civil Procedure and including all rights to move to compel arbitration and/or to enforce a class waiver provision.

## IV.   CONCLUSION

Carvana respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Crittenden County, Arkansas.  Carvana further requests such other relief as the Court deems appropriate.

Dated:  January 19, 2022                              Respectfully submitted,

                                                      Grant E. Fortson
                                                      Ark. Bar No. 92148
                                                      Attorney for Carvana, LLC
                                                      LAX, VAUGHAN, FORTSON,
                                                        ROWE & THREET, P.A.
                                                      11300 Cantrell Road, Suite 201
                                                      Little Rock, Arkansas 72212
                                                      Telephone: (501) 376-6565
                                                      E-mail:  gfortson@laxvaughan.com

Eric Leon (New York Bar No. 2626562) (*Pro Hac Vice Forthcoming*)
Eric.leon@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile:  (212) 751-4864

Robert C. Collins III (Illinois Bar No. 6304674) (*Pro Hac Vice Forthcoming*)

robert.collins@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing was filed on this 19th day of January 2022, and served on the following interested parties via email, and by placing a copy of the same in the U.S. Mail, with first class postage affixed thereon, addressed to:

Kathy A. Cruz
The Cruz Law Firm, PLC
1325 Central Ave.
Hot Springs, AR 71901
kathycruzlaw@gmail.com

Grant E. Fortson

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**ROBERT BODNAR, on behalf of himself**                                    **PLAINTIFF**
**and all others similarly situated**

**VS.**                          **Case No. _____**

**CARVANA, LLC**                                                          **DEFENDANT**

**EXHIBIT 1
TO
NOTICE OF REMOVAL OF CARVANA, LLC**

**COMPLAINT**

IN THE CIRCUIT COURT OF CRITTENDEN_COUNTY, ARKANSAS

| | |
|---|---|
| ROBERT BODNAR, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CARVANA, LLC,<br><br>Defendants. | Case No. 18CV-21-U3<br><br>Jury Trial of Twelve (12) Jurors Demanded |

## COMPLAINT - CLASS ACTION

### I.   INTRODUCTION

This is a consumer protection action brought to redress and restrain violations of the Arkansas Deceptive Trade Practices Act against a national used car dealer for its delay in permanently transferring the car's title for months and months which it had contractually represented to hold and agreed to transfer. As a result, consumers are often unable to legally drive the cars they purchased because they cannot timely register the car or get adequate insurance coverage.

### II.   **PARTIES**

1.    Plaintiff, ROBERT BODNAR, is an adult individual presently residing at 610 N. Avalon St., West Memphis, AR 72301.

2.    Defendant, CARVANA LLC ["CARVANA"] is a Georgia corporation conducting business in the State of Arkansas. CARVANA is also a licensed used car dealer required to comply with the Motor Vehicle Administration, Certificate of Title, and Antitheft Act, Ark. Code Ann. § 27-14-902.

III.   **FACTUAL ALLEGATIONS**

3.     At all times relevant hereto, defendant acted by and through its agents, servants, and employees who acted within the scope of their authority and within the course of their employment.

4.     At all times relevant hereto, Arizona permits a non-resident to purchase a 90-day non-resident permit, a temporary paper license plate, to allow the individual to drive their vehicle back to the state in which they reside, 28 § 2156.

5.     At all times relevant hereto, Tennessee does not permit renewal 30 days after a temporary tag's issuance, Tenn. Code Ann. § 55-4-103(a)(1)-(2).

6.     On or around May 2, 2021, Plaintiff purchased online from Defendant a 2020 Hyundai Kona, VIN# ending in XXXX2460 (hereinafter referred to as "the Vehicle") by executing a written retail installment contract ("RISC") (attached hereto as Exhibit A) with the following material terms:

   a.  The RISC would be subject to Arkansas law.

   b.  The Parties agreed to a $25,158.77 cash sale price;

   c.  CARVANA imposed a State License Registration Fee of $25.39;

   d.  CARVANA imposed a State Title Fee of $10.00

   e.  CARVANA imposed a Temporary Permit fee of $1.00

   f.  CARVANA charged a Vehicle Protection fee of $1,175.00.

7.     At the time of the purchase, CARVANA's dealer location was listed in the sales documents as 7201 Appling Farms Pkwy., Memphis TN 38133.

8.     CARVANA delivered the vehicle with a Tennessee temporary license tag to

2

Plaintiff's residence address in Arkansas.

9. At the time of the aforesaid delivery, the vehicle was registered in Tennessee with a temporary Tennessee tag on the vehicle.

10. At the time of the aforesaid delivery, Plaintiff signed in Arkansas some of the sales and delivery documents in paper and electronic form.

11. After the first temporary license tag expired at the end of May 2021, CARVANA failed to provide Plaintiff with his permanent registration as it was required to do so pursuant to Plaintiff's payment for such service reflected in the RISC.

12. Instead, on or about June 1, 2021, without the legal right or authorization to do so, CARVANA provided plaintiff with a new temporary license tag for the duration of thirty (30) days issued by Tennessee's Department of Motor Vehicles. When it provided the improper Tennessee registration, CARVANA concealed from the Plaintiff that it was not authorized by the State of Tennessee to do so.

13. When the second temporary tag expired at the end of June, Defendant instructed Plaintiff to drive the vehicle to the Carvana tower in Memphis, TN where, without the legal right or authorization to do so, CARVANA provided plaintiff with a third temporary license tag for the duration of ninety (90) days issued by Arizona's Department of Motor Vehicles. When it provided the improper Arizona registration, CARVANA concealed from the Plaintiff that it was not authorized by the State of Arizona to do so.

14. Plaintiff relied upon the RISC and CARVANA's promises to have the vehicle properly registered in the State of Arkansas as evidenced by his agreements in the RISC, his trade-in of his prior vehicle, and his payments on the purchased vehicle (which included the fees imposed and thereafter collected by CARVANA that are specified in ¶ 6 *supra*).

3

15.     As of the date of this filing, title to the vehicle remains under its original lien holder, Hyundai Financial Leasing and, as a result, Plaintiff's Credit Union is denied clear title on the collateral it is financing.

16.     As of the date of this filing, CARVANA has still not provided Plaintiff permanent registration as it was required to do so pursuant to the RISC and for which Plaintiff paid it to do so.

17.     In August 2021, the State of North Carolina revoked CARVANA's Raleigh area dealers license for, among other infractions of dealer licensing laws, not delivering the vehicle title to the DMV in a timely manner and improperly issuing out-of-state temporary tags and plates to buyers similarly situated to the Plaintiff who otherwise had no connection to the states from which the temporary tags and plates issued.

18.     Upon information and belief, it is averred that CARVANA's state law compliance policies and practices are such that it routinely issues multiple temporary license tags in violation of state laws governing the issuance of temporary license tags. More specifically, class discovery will reveal that CARVANA's records indicate routine repeated generation of temporary license tag reissuances by CARVANA's computer system in connection with sales transactions in the State of Arkansas and throughout the United States in the same manner and form as what occurred with the Plaintiff. This belief is based in part on other consumer's experiences and also the administration action taken against CARVANA recently by the State of North Carolina.

19.     Plaintiff suffered actual damages from CARVANA's aforesaid conduct in that he paid CARVANA fees and charges in the amount of $36.39 for licensing and registration for the vehicle which CARVANA failed to complete.

20.     The RISC contains *no* forced arbitration clause.

4

21.    CARVANA created a standalone separate document entitled "Arbitration Agreement" purporting to require the Parties to participate in forced arbitration, but this clause is void under Arkansas law which prohibits arbitration of disputes involving:

An automobile dealer and an auto purchaser, unless the purchaser agrees in a separate writing that acknowledges in bold print the purchaser's waiver of the right to sue in court (Ark. Code Ann. § 4-75-413).

22.    The Arbitration Agreement does not contain the aforesaid required bold print acknowledgment of the purchaser's waiver of the right to sue in court.

**III.    Class Action Allegations**

23.    The allegations above are re-alleged and incorporated herein by reference.

24.    Plaintiff brings this action individually and as a class action, pursuant to Rules 1702 and 1708 of the Arkansas Rules of Civil Procedure on behalf of two classes of similarly situated persons defined as follows:

    a.  **Nationwide Title Class:**  All persons in the United States west of the Mississippi River who entered into contracts with CARVANA to purchase vehicles in the two years before the commencement of this action and CARVANA agreed to provide car registration services with non-temporary vehicle registrations in the state of their residence.

    b.  **Arkansas Title Class:**  All persons from the State of Arkansas who are members of the Nationwide Class.

25.    Plaintiff qualifies as a member of each of the proposed classes in the preceding paragraph.

5

26.     Excluded from each of the putative classes are any person who falls within the definitions if the person is (i) an employee or independent contractor of CARVANA; (ii) a relative of an employee or independent contractor of the CARVANA; or (iii) an employee of the Court where this action is pending.

27.     The proposed class definitions in ¶ 24 as limited by ¶ 26 may be amended or modified from time to time.

28.     The particular members of the (i) **Nationwide Title Class**, and (ii) **Arkansas Title Class**, (collectively referred to as **"Proposed Classes"**) are capable of being described without difficult managerial or administrative problems.  The members of the putative classes are also readily identifiable from the information and records in the possession or control of the Defendant or its affiliates and agents, and from public records.

29.     The Proposed Classes are sufficiently numerous and exceed more than fifty persons each, such that individual joinder of all members is impractical.  This allegation is based on a publically filed data disclosed by CARVANA's public filings.

30.     The Proposed Classes are so numerous that joinder of all members is impracticable.

31.     There are questions of law and fact common to the Proposed Classes which predominate over any questions affecting only individual members of the putative class and subclass. The wrongs alleged against Defendant by the members of the Proposed Classes and the remedies sought by Named Plaintiff and the putative class members against CARVANA are identical.

32.     The common questions of law or fact for the Nationwide Title Class and Arkansas Title Class include but are not limited to:

6

a. Whether CARVANA breached its contracts by failing to provide the agreed upon non-temporary automobile registrations agreed to with the class members;

b. Whether CARVANA had the right to issue temporary registrations from the States other than class members' legal residence to the class members' vehicles when the transaction did not concern vehicles purchased from or sold to class members from outside their state of residence; and

c. Whether CARVANA's conduct was unfair, unconscionable, or constituted unfair competition;

d. Whether CARVANA is liable to the class members for the damages and losses, including nominal damages, in the form of the fees agreed upon for the services not reasonable provided.

33.     CARVANA's defenses (which defenses are denied) would be typical or identical for each member of the Proposed Classes and will be based on the same legal and factual theories.

34.     Certification of the Proposed Classes is appropriate as to the members of the Proposed Classes in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy.

35.     A class action will cause an orderly and expeditious administration of claims by the members of the Proposed Classes and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured.

36.     The only individual questions concern the identification of members of the Proposed Classes. This information can be determined by a ministerial examination of public

7

records or from CARVANA's business records or other sources including those from the State of Ohio, which are admissible as an exception to the hearsay rule and as a statement by a party.

37.     The Named Plaintiff's class claims are typical of the claims of the members of the Proposed Classes since they are based on and arise out of identical facts constituting the wrongful conduct of CARVANA (directly and indirectly).

38.     Plaintiff will also fairly and adequately represent and protect the interests of the Proposed Classes. He is similarly situated with, and has suffered similar injuries as, the Proposed Classes he proposes to represent. He also has retained counsel experienced in consumer class actions including actions involving unlawful collection and mortgage servicing practices. Plaintiff does not have any interests which might cause him not to vigorously prosecute this action or is otherwise adverse to the interests of the members of the Proposed Classes. He feels that he and the putative class members have been wronged, wishes to obtain redress of the wrong, and wants CARVANA stopped from failing to comply with its mandatory duties that form the basis of the class claims.

39.     The Proposed Class members have suffered actual damages, losses, and harm similar to those sustained by the Plaintiff.

## IV.     CAUSES OF ACTION

### COUNT I - BREACH OF CONTRACT
### (CLASS CLAIM ON BEHALF OF THE TITLE CLASS AND THE ARKANSAS TITLE CLASS)

40.     Plaintiff incorporates the preceding paragraphs herein. This claim is brought on behalf of the Plaintiff individually and on behalf of the Nationwide Title Class and the Arkansas Title Class members.

41.     As described herein, Plaintiff and Nationwide Title Class and the Arkansas Title

8

Class members formed contracts with CARVANA.

42.    Every contract imposes the duty of good faith and fair dealing upon the parties in performance and enforcement of the contract.

43.    An express and/or implied term of the contracts between the Plaintiff and the Nationwide Title Class and the Arkansas Title Class members, CARVANA agreed that the sale was being conducted in compliance with all laws and regulations governing such sales.

44.    By failing to permanently license and register the vehicles properly in exchange for the fees it charged and collected from the plaintiff and the Nationwide Title Class and the Arkansas Title Class members, Defendant CARVANA failed to conduct the sale of the vehicles to the Plaintiff and class members in compliance with all laws and regulations governing such sales and it improperly issued temporary registrations from the State of Ohio without the right to do so since, under Ohio law, it could not issue temporary vehicle registrations to vehicles with no nexus to the State of Ohio in the sales transaction.

45.    By its aforesaid conduct, Defendant CARVANA breached the terms of the contracts it had with the Plaintiff and the Nationwide Title Class and the Arkansas Title Class members, including any implied or express warranties therein, and acted in bad faith.

46.    Defendant CARVANA has wrongfully, recklessly, and/or intentionally breached the duty of good faith by denying Plaintiff and the Nationwide Title Class and the Arkansas Title Class members the benefits to which they bargained and paid for in their sales contracts.

47.    Defendant CARVANA's breaches of the covenant of good faith and fair dealing have proximately and directly caused damages to Plaintiff and the Nationwide Title Class and the Arkansas Title Class members.

**COUNT II - ARKANSAS DECEPTIVE TRADE PRACTICES ACT ("DTPA")**

**(INDIVIDUAL CLAIM)**

48.    Plaintiff incorporates the preceding paragraphs herein. This claim is brought on behalf of the Plaintiff individually and on behalf of the Arkansas Title Class members.

49.    The used motor vehicle sales practices described herein related to Defendant involve "goods" under the DTPA, § 4-88-101(4) sold by a "person", § 4-88-101(5).

50.    Plaintiff purchased the subject vehicle for personal, family, and/or household purposes.

51.    CARVANA by its acts or omissions described herein, made materially false, misleading oral or written statements or other representations, directly and indirectly through authorized agents and employees, which it knew or should have known violated Arkansas law. These violations include but are not limited to imposing and collecting car registration fees for which it did not perform the agreed upon service and/or utilized an unfair and deceptive practice of issuing temporary registrations from the State of Arkansas without the right to do so.

52.    Plaintiff suffered damages as described herein.

53.    As a licensed installment seller CARVANA knew or should have known prior to making the sales to Plaintiff and Arkansas Title Class members the laws governing the transactions.

54.    CARVANA's routine business practices subject to this claim disregarded the (Arkansas Registration) laws governing the transaction.

55.    No reasonable person would assume that a licensed installment seller would violate the laws governing its activities. Plaintiff and the Arkansas Title Class members justifiably relied on CARVANA's acts and omissions by believing the fees charged to them were lawful and bona fide and they paid the fees as further evidence of that reasonable reliance.

10

56.     By the aforesaid misrepresentations and others referenced herein, these misrepresentations and omissions had the capacity, tendency, or effect of deceiving or misleading the plaintiff and otherwise unconscionably influence plaintiff to purchase the subject vehicle in violation of the DTPA by, including but not limited to:

a) Knowingly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, source, sponsorship, approval, or certification of goods or services, § 4-88-107(1);

b) Advertising the goods or services with the intent not to sell them as advertised, § 4-88-107(3);

c) The employment of bait-and-switch advertising consisting of an attractive but insincere offer to sell a product or service which the seller in truth does not intend or desire to sell, evidenced by Other acts ... demonstrating an intent not to sell the advertised product or services, § 4-88-107(5)(D);

d) Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade; in violation § 4-88-107(10);

e) in connection with the sale or advertisement of any goods, services, or charitable solicitation, unlawful:

(1) act, use, or employment by any person of any deception, fraud, or false pretense; or

(2) concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission.

§ 4-88-108.

57.     Additionally, CARVANA has engaged in unconscionable, false, or deceptive acts or practices in business, commerce, or trade in violation of § 4-88-107(10) conduct by:

11

a) Neglecting to endorse or deliver a certificate of title to a transferee or owner in violation of Ark. Code Ann. § 23-112-605(5) which states that it is a misdemeanor to "[f]alsify, alter, or neglect to endorse or deliver a certificate of title to a transferee or lawful owner…on a document of assignment or certificate of title."

b) Failing to sign and deliver the certificate of title to the purchaser or transferee at the time of delivery in violation of Ark. Code Ann. § 27-14- 902(d) which states that "[t]he owner shall endorse an assignment and warranty of title upon the certificate of title for the vehicle, and he or she shall deliver the certificate of title to the purchaser or transferee at the time of delivery of the vehicle."

c) Violation of criminal laws is an unconscionable, false, or deceptive act in business, commerce, or trade.[1]

58.     By its deceptive and unconscionable conduct towards plaintiff as described above, CARVANA is strictly liable to Plaintiff for damages he incurred.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff requests that the Court grant judgment against the Defendant as follows:

A. certifying this action as a Class Action with the Proposed Classed as defined above and with Plaintiff as the representative of the Proposed Classes;

B. awarding Plaintiff and the Proposed Class members Classes appropriate damages under the legal theories alleged herein together with pre-judgment interest including but not

---

[1] An unconscionable act is one that "affronts the sense of justice, decency, reasonableness, including acts that violate public policy or a statute." *Independence Cty v. Pfizer*, 534 F. Supp.2d 882, 886 (E.D. Ark. 2008) *aff'd* 552 F.3d. 659 (8th Cir. 2009). *See also State v. R&A Investment Co.*, 336 Ark. 289, 985 S.W.2d 299 (1999).

limited to imposing civil penalties pursuant to Ark. Code Ann. § 4-88-113(a)(3), to be

paid to the State by the Defendants in the amount of $10,000.00 per

each violation of the ADTPA proved at a trial of this matter; C.

ordering Defendant to pay costs penalties, and attorney's fees; and

D. granting such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

KATHY A. CRUZ, #87079
THE CRUZ LAW FIRM, PLC
1325 Central Ave
Hot Springs, AR 71901
T: 501.624.3600
E: kathycruzlaw@gmail.com

Dated: October 26, 2021

*Attorney for Plaintiff and the Putative Classes*

13

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**


**ROBERT BODNAR, on behalf of himself**                                        **PLAINTIFF**
**and all others similarly situated**

**VS.**                          **Case No. _____**

**CARVANA, LLC**                                                        **DEFENDANT**

**EXHIBIT 2**
**TO**
**NOTICE OF REMOVAL OF CARVANA, LLC**

**SUMMONS**

THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

CIVIL DIVISION [Civil, Probate, etc.]

ROBERT BODNAR, on behalf of himself
and all others similarly situated,
Plaintiff

v.                                          No. 18CV-21-632

CARVANA, LLC
Defendant

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Carvana, LLC   [Defendant's name and address.]
c/o Corporation Service Company
300 Spring Building, Suite 900
300 S. Spring Street
Little Rock, AR 72201

A lawsuit has been filed against you.  The relief demanded is stated in the attached
complaint.  Within 30 days after service of this summons on you (not counting the day
you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other
correctional facility in Arkansas — you must file with the clerk of this court a written
answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil
Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose

name and address are:

Kathy A. Cruz, The Cruz Law Firm, PLC, 1325 Central Avenue, Hot Springs, AR 71901

If you fail to respond within the applicable time period, judgment by default may be
entered against you for the relief demanded in the complaint.

**Additional Notices Included:** _____

**Address of Clerk's Office**

100 Court St.
Marianne, AR 72364

[SEAL]

CLERK OF COURT      Terry Hawkins - Clerk

[Signature of Clerk or Deputy Clerk]

Date:_____ October 27, 2021

No. _____ This summons is for _____ (*name of Defendant*).

**PROOF OF SERVICE**

☐ On _____ [date] I personally delivered the summons and complaint to

the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on

_____ [date] I left the summons and complaint in the close proximity of

the defendant by _____ [describe how the

summons and complaint was left] after he/she refused to receive it when I offered it to

him/her; or

☐ On _____ [date] I left the summons and complaint with

_____, a member of the defendant's family at least 18 years of age,

at

_____ [address], a place where the defendant resides;

or

☐ On _____ [date] I delivered the summons and complaint to

_____ [name of individual], an agent authorized by appointment or by law to

receive service of summons on behalf of _____

[name of defendant]; or

☐ On _____ [date] at _____

[address], where the defendant maintains an office or other fixed location for the

conduct of business, during normal working hours I left the summons and complaint

with

_____ [name and job description]; or

☐   I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐   I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐   Other [specify]:

☐   I was unable to execute service because:

_____

_____

_____

_____

_____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____   SHERIFF OF _____ COUNTY, ARKANSAS

By: _____

[signature of server]

_____

[printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
[signature of server]

_____ [printed
name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:

_____

_____

## COVER SHEET
## STATE OF ARKANSAS
## CIRCUIT COURT: CIVIL

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are available at www.arcourts.gov. _____ 1/1/2017

**County:** Crittenden    **District:** _____    **Filing Date:** _____
**Judge:** AUSTMUER    **Division:** Civil    **Case ID:** 18CV-21-435

**Type of case (select one that best describes the subject matter)**    (OM) Civil – Other

| | Plaintiff | | Defendant |
|---|---|---|---|
| Company/ Last Name | Bodnar | Company/ Last Name | Carvana, LLC |
| Suffix | | Suffix | |
| First Name | Robert | First Name | |
| DL/State ID | | DL/State ID | |
| Address | 610 N. Avalon St. | Address | 1930 W. Rio Salado Parkway |
| City, State ZIP | West Memphis, AR 72301 | City, State ZIP | Tempe, AZ 85281 |
| Phone | | Phone | |
| Email | | Email | |
| Self-represented | ○ Yes   ◉ No | Self-represented | ○ Yes   ○ No |
| DOB | | DOB | |
| Interpreter needed? | ○ Yes: ☐   ◉ No other language: ____ | Interpreter needed? | ○ Yes: ☐   ◉ No other language: ____ |

**Attorney of Record:** Kathy Cruz     **Bar #:** 87079
**For the:** ◉ Plaintiff ○ Defendant ○ Intervenor     **Email Address:** kathycruzlaw@gmail.com
**Related Case(s): Judge:** _____     **Case ID(s):** _____
**Manner of filing (choose one):** (MFO) Original

1                                                6/1/2017

IN THE CIRCUIT COURT OF CRITTENDEN_COUNTY, ARKANSAS

| | |
|---|---|
| ROBERT BODNAR, on behalf of himself  and all others similarly situated, | |
| Plaintiff, | Case No. 18CV-21-038 |
| vs. | Jury Trial of Twelve (12) Jurors Demanded |
| CARVANA, LLC, | |
| Defendants. | |

## COMPLAINT - CLASS ACTION

### I.   INTRODUCTION

 This is a consumer protection action brought to redress and restrain violations of the Arkansas Deceptive Trade Practices Act against a national used car dealer for its delay in permanently transferring the car's title for months and months which it had contractually represented to hold and agreed to  transfer. As a result, consumers are often unable to legally drive the cars they purchased because they cannot timely register the car or get adequate insurance coverage.

### II.   PARTIES

 1. Plaintiff, ROBERT BODNAR, is an adult individual presently residing at 610 N. Avalon St., West Memphis, AR 72301.

 2. Defendant, CARVANA LLC ["CARVANA"] is a Georgia corporation conducting business in the State of Arkansas. CARVANA is also a licensed used car dealer required to comply with the Motor Vehicle Administration, Certificate of Title, and Antitheft Act, Ark. Code Ann. § 27-14-902.

## III.   FACTUAL ALLEGATIONS

3.   At all times relevant hereto, defendant acted by and through its agents, servants, and employees who acted within the scope of their authority and within the course of their employment.

4.   At all times relevant hereto, Arizona permits a non-resident to purchase a 90-day non-resident permit, a temporary paper license plate, to allow the individual to drive their vehicle back to the state in which they reside, 28 § 2156.

5.   At all times relevant hereto, Tennessee does not permit renewal 30 days after a temporary tag's issuance, Tenn. Code Ann. § 55-4-103(a)(1)-(2).

6.   On or around May 2, 2021, Plaintiff purchased online from Defendant a 2020 Hyundai Kona, VIN# ending in XXXX2460 (hereinafter referred to as "the Vehicle") by executing a written retail installment contract ("RISC") (attached hereto as Exhibit A) with the following material terms:

    a.   The RISC would be subject to Arkansas law.

    b.   The Parties agreed to a $25,158.77 cash sale price;

    c.   CARVANA imposed a State License Registration Fee of $25.39;

    d.   CARVANA imposed a State Title Fee of $10.00

    e.   CARVANA imposed a Temporary Permit fee of $1.00

    f.   CARVANA charged a Vehicle Protection fee of $1,175.00.

7.   At the time of the purchase, CARVANA's dealer location was listed in the sales documents as 7201 Appling Farms Pkwy., Memphis TN 38133.

8.   CARVANA delivered the vehicle with a Tennessee temporary license tag to

2

Plaintiff's residence address in Arkansas.

9.     At the time of the aforesaid delivery, the vehicle was registered in Tennessee with a temporary Tennessee tag on the vehicle.

10.    At the time of the aforesaid delivery, Plaintiff signed in Arkansas some of the sales and delivery documents in paper and electronic form.

11.    After the first temporary license tag expired at the end of May 2021, CARVANA failed to provide Plaintiff with his permanent registration as it was required to do so pursuant to Plaintiff's payment for such service reflected in the RISC.

12.    Instead, on or about June 1, 2021, without the legal right or authorization to do so, CARVANA provided plaintiff with a new temporary license tag for the duration of thirty (30) days issued by Tennessee's Department of Motor Vehicles.  When it provided the improper Tennessee registration, CARVANA concealed from the Plaintiff that it was not authorized by the State of Tennessee to do so.

13.    When the second temporary tag expired at the end of June, Defendant instructed Plaintiff to drive the vehicle to the Carvana tower in Memphis, TN where, without the legal right or authorization to do so, CARVANA provided plaintiff with a third temporary license tag for the duration of ninety (90) days issued by Arizona's Department of Motor Vehicles.  When it provided the improper Arizona registration, CARVANA concealed from the Plaintiff that it was not authorized by the State of Arizona to do so.

14.    Plaintiff relied upon the RISC and CARVANA's promises to have the vehicle properly registered in the State of Arkansas as evidenced by his agreements in the RISC, his trade-in of his prior vehicle, and his payments on the purchased vehicle (which included the fees imposed and thereafter collected by CARVANA that are specified in ¶ 6 *supra*).

3

15.    As of the date of this filing, title to the vehicle remains under its original lien holder, Hyundai Financial Leasing and, as a result, Plaintiff's Credit Union is denied clear title on the collateral it is financing.

16.    As of the date of this filing, CARVANA has still not provided Plaintiff permanent registration as it was required to do so pursuant to the RISC and for which Plaintiff paid it to do so.

17.    In August 2021, the State of North Carolina revoked CARVANA's Raleigh area dealers license for, among other infractions of dealer licensing laws, not delivering the vehicle title to the DMV in a timely manner and improperly issuing out-of-state temporary tags and plates to buyers similarly situated to the Plaintiff who otherwise had no connection to the states from which the temporary tags and plates issued.

18.    Upon information and belief, it is averred that CARVANA's state law compliance policies and practices are such that it routinely issues multiple temporary license tags in violation of state laws governing the issuance of temporary license tags. More specifically, class discovery will reveal that CARVANA's records indicate routine repeated generation of temporary license tag reissuances by CARVANA's computer system in connection with sales transactions in the State of Arkansas and throughout the United States in the same manner and form as what occurred with the Plaintiff. This belief is based in part on other consumer's experiences and also the administration action taken against CARVANA recently by the State of North Carolina.

19.    Plaintiff suffered actual damages from CARVANA's aforesaid conduct in that he paid CARVANA fees and charges in the amount of $36.39 for licensing and registration for the vehicle which CARVANA failed to complete.

20.    The RISC contains *no* forced arbitration clause.

4

21.   CARVANA created a standalone separate document entitled "Arbitration Agreement" purporting to require the Parties to participate in forced arbitration, but this clause is void under Arkansas law which prohibits arbitration of disputes involving:

An automobile dealer and an auto purchaser, unless the purchaser agrees in a separate writing that acknowledges in bold print the purchaser's waiver of the right to sue in court (Ark. Code Ann. § 4-75-413).

22.   The Arbitration Agreement does not contain the aforesaid required bold print acknowledgment of the purchaser's waiver of the right to sue in court.

### III.   Class Action Allegations

23.   The allegations above are re-alleged and incorporated herein by reference.

24.   Plaintiff brings this action individually and as a class action, pursuant to Rules 1702 and 1708 of the Arkansas Rules of Civil Procedure on behalf of two classes of similarly situated persons defined as follows:

    a. **Nationwide Title Class:**  All persons in the United States west of the Mississippi River who entered into contracts with CARVANA to purchase vehicles in the two years before the commencement of this action and CARVANA agreed to provide car registration services with non-temporary vehicle registrations in the state of their residence.

    b. **Arkansas Title Class:**  All persons from the State of Arkansas who are members of the Nationwide Class.

25.   Plaintiff qualifies as a member of each of the proposed classes in the preceding paragraph.

5

26.     Excluded from each of the putative classes are any person who falls within the definitions if the person is (i) an employee or independent contractor of CARVANA; (ii) a relative of an employee or independent contractor of the CARVANA; or (iii) an employee of the Court where this action is pending.

27.     The proposed class definitions in ¶ 24 as limited by ¶ 26 may be amended or modified from time to time.

28.     The particular members of the (i) **Nationwide Title Class**, and (ii) **Arkansas Title Class**, (collectively referred to as **"Proposed Classes"**) are capable of being described without difficult managerial or administrative problems.  The members of the putative classes are also readily identifiable from the information and records in the possession or control of the Defendant or its affiliates and agents, and from public records.

29.     The Proposed Classes are sufficiently numerous and exceed more than fifty persons each, such that individual joinder of all members is impractical.  This allegation is based on a publically filed data disclosed by CARVANA's public filings.

30.     The Proposed Classes are so numerous that joinder of all members is impracticable.

31.     There are questions of law and fact common to the Proposed Classes which predominate over any questions affecting only individual members of the putative class and subclass. The wrongs alleged against Defendant by the members of the Proposed Classes and the remedies sought by Named Plaintiff and the putative class members against CARVANA are identical.

32.     The common questions of law or fact for the Nationwide Title Class and Arkansas Title Class include but are not limited to:

6

a.   Whether CARVANA breached its contracts by failing to provide the agreed upon non-temporary automobile registrations agreed to with the class members;

b.   Whether CARVANA had the right to issue temporary registrations from the States other than class members' legal residence to the class members' vehicles when the transaction did not concern vehicles purchased from or sold to class members from outside their state of residence; and

c.   Whether CARVANA's conduct was unfair, unconscionable, or constituted unfair competition;

d.   Whether CARVANA is liable to the class members for the damages and losses, including nominal damages, in the form of the fees agreed upon for the services not reasonable provided.

33.     CARVANA's defenses (which defenses are denied) would be typical or identical for each member of the Proposed Classes and will be based on the same legal and factual theories.

34.     Certification of the Proposed Classes is appropriate as to the members of the Proposed Classes in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy.

35.     A class action will cause an orderly and expeditious administration of claims by the members of the Proposed Classes and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured.

36.     The only individual questions concern the identification of members of the Proposed Classes. This information can be determined by a ministerial examination of public

7

records or from CARVANA's business records or other sources including those from the State of

Ohio, which are admissible as an exception to the hearsay rule and as a statement by a party.

37.     The Named Plaintiff's class claims are typical of the claims of the members of the

Proposed Classes since they are based on and arise out of identical facts constituting the wrongful

conduct of CARVANA (directly and indirectly).

38.     Plaintiff will also fairly and adequately represent and protect the interests of the

Proposed Classes. He is similarly situated with, and has suffered similar injuries as, the Proposed

Classes he proposes to represent. He also has retained counsel experienced in consumer class

actions including actions involving unlawful collection and mortgage servicing practices. Plaintiff

does not have any interests which might cause him not to vigorously prosecute this action or is

otherwise adverse to the interests of the members of the Proposed Classes. He feels that he and the

putative class members have been wronged, wishes to obtain redress of the wrong, and wants

CARVANA stopped from failing to comply with its mandatory duties that form the basis of the

class claims.

39.     The Proposed Class members have suffered actual damages, losses, and harm

similar to those sustained by the Plaintiff.

## IV.     CAUSES OF ACTION

### COUNT I - BREACH OF CONTRACT
### (CLASS CLAIM ON BEHALF OF THE TITLE CLASS AND THE ARKANSAS TITLE CLASS)

40.     Plaintiff incorporates the preceding paragraphs herein. This claim is brought on

behalf of the Plaintiff individually and on behalf of the Nationwide Title Class and the Arkansas

Title Class members.

41.     As described herein, Plaintiff and Nationwide Title Class and the Arkansas Title

8

Class members formed contracts with CARVANA.

42.    Every contract imposes the duty of good faith and fair dealing upon the parties in performance and enforcement of the contract.

43.    An express and/or implied term of the contracts between the Plaintiff and the Nationwide Title Class and the Arkansas Title Class members, CARVANA agreed that the sale was being conducted in compliance with all laws and regulations governing such sales.

44.    By failing to permanently license and register the vehicles properly in exchange for the fees it charged and collected from the plaintiff and the Nationwide Title Class and the Arkansas Title Class members, Defendant CARVANA failed to conduct the sale of the vehicles to the Plaintiff and class members in compliance with all laws and regulations governing such sales and it improperly issued temporary registrations from the State of Ohio without the right to do so since, under Ohio law, it could not issue temporary vehicle registrations to vehicles with no nexus to the State of Ohio in the sales transaction.

45.    By its aforesaid conduct, Defendant CARVANA breached the terms of the contracts it had with the Plaintiff and the Nationwide Title Class and the Arkansas Title Class members, including any implied or express warranties therein, and acted in bad faith.

46.    Defendant CARVANA has wrongfully, recklessly, and/or intentionally breached the duty of good faith by denying Plaintiff and the Nationwide Title Class and the Arkansas Title Class members the benefits to which they bargained and paid for in their sales contracts.

47.    Defendant CARVANA's breaches of the covenant of good faith and fair dealing have proximately and directly caused damages to Plaintiff and the Nationwide Title Class and the Arkansas Title Class members.

**COUNT II - ARKANSAS DECEPTIVE TRADE PRACTICES ACT ("DTPA")**

## (INDIVIDUAL CLAIM)

48.     Plaintiff incorporates the preceding paragraphs herein. This claim is brought on behalf of the Plaintiff individually and on behalf of the Arkansas Title Class members.

49.     The used motor vehicle sales practices described herein related to Defendant involve "goods" under the DTPA, § 4-88-101(4) sold by a "person", § 4-88-101(5).

50.     Plaintiff purchased the subject vehicle for personal, family, and/or household purposes.

51.     CARVANA by its acts or omissions described herein, made materially false, misleading oral or written statements or other representations, directly and indirectly through authorized agents and employees, which it knew or should have known violated Arkansas law. These violations include but are not limited to imposing and collecting car registration fees for which it did not perform the agreed upon service and/or utilized an unfair and deceptive practice of issuing temporary registrations from the State of Arkansas without the right to do so.

52.     Plaintiff suffered damages as described herein.

53.     As a licensed installment seller CARVANA knew or should have known prior to making the sales to Plaintiff and Arkansas Title Class members the laws governing the transactions.

54.     CARVANA's routine business practices subject to this claim disregarded the (Arkansas Registration) laws governing the transaction.

55.     No reasonable person would assume that a licensed installment seller would violate the laws governing its activities. Plaintiff and the Arkansas Title Class members justifiably relied on CARVANA's acts and omissions by believing the fees charged to them were lawful and bona fide and they paid the fees as further evidence of that reasonable reliance.

10

56.     By the aforesaid misrepresentations and others referenced herein, these misrepresentations and omissions had the capacity, tendency, or effect of deceiving or misleading the plaintiff and otherwise unconscionably influence plaintiff to purchase the subject vehicle in violation of the DTPA by, including but not limited to:

a) Knowingly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, source, sponsorship, approval, or certification of goods or services, § 4-88-107(1);

b) Advertising the goods or services with the intent not to sell them as advertised, § 4-88-107(3);

c) The employment of bait-and-switch advertising consisting of an attractive but insincere offer to sell a product or service which the seller in truth does not intend or desire to sell, evidenced by Other acts ... demonstrating an intent not to sell the advertised product or services, § 4-88-107(5)(D);

d) Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade; in violation § 4-88-107(10);

e) in connection with the sale or advertisement of any goods, services, or charitable solicitation, unlawful:

(1) act, use, or employment by any person of any deception, fraud, or false pretense; or

(2) concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission.

§ 4-88-108.

57.     Additionally, CARVANA has engaged in unconscionable, false, or deceptive acts or practices in business, commerce, or trade in violation of § 4-88-107(10) conduct by:

11

a) Neglecting to endorse or deliver a certificate of title to a transferee or owner in violation of Ark. Code Ann. § 23-112-605(5) which states that it is a misdemeanor to "[f]alsify, alter, or neglect to endorse or deliver a certificate of title to a transferee or lawful owner…on a document of assignment or certificate of title."

b) Failing to sign and deliver the certificate of title to the purchaser or transferee at the time of delivery in violation of Ark. Code Ann. § 27-14- 902(d) which states that "[t]he owner shall endorse an assignment and warranty of title upon the certificate of title for the vehicle, and he or she shall deliver the certificate of title to the purchaser or transferee at the time of delivery of the vehicle."

c) Violation of criminal laws is an unconscionable, false, or deceptive act in business, commerce, or trade.[1]

58.     By its deceptive and unconscionable conduct towards plaintiff as described above, CARVANA is strictly liable to Plaintiff for damages he incurred.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff requests that the Court grant judgment against the Defendant as follows:

A. certifying this action as a Class Action with the Proposed Classed as defined above and with Plaintiff as the representative of the Proposed Classes;

B. awarding Plaintiff and the Proposed Class members Classes appropriate damages under the legal theories alleged herein together with pre-judgment interest including but not

---

[1] An unconscionable act is one that "affronts the sense of justice, decency, reasonableness, including acts that violate public policy or a statute." *Independence Cty v. Pfizer*, 534 F. Supp.2d 882, 886 (E.D. Ark. 2008) *aff'd* 552 F.3d. 659 (8th Cir. 2009). *See also State v. R&A Investment Co.*, 336 Ark. 289, 985 S.W.2d 299 (1999).

limited to imposing civil penalties pursuant to Ark. Code Ann. § 4-88-113(a)(3), to be

paid to the State by the Defendants in the amount of $10,000.00 per

each violation of the ADTPA proved at a trial of this matter; C.

ordering Defendant to pay costs penalties, and attorney's fees; and

D. granting such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

KATHY A. CRUZ, #87079
THE CRUZ LAW FIRM, PLC
1325 Central Ave
Hot Springs, AR 71901
T: 501.624.3600
E: kathycruzlaw@gmail.com

Dated: October 26, 2021          *Attorney for Plaintiff and the Putative Classes*

13

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**ROBERT BODNAR, on behalf of himself**                              **PLAINTIFF**
**and all others similarly situated**

**VS.**                        **Case No. _____**

**CARVANA, LLC**                                                      **DEFENDANT**

**EXHIBIT 3**
**TO**
**NOTICE OF REMOVAL OF CARVANA, LLC**

**DECLARATION OF ROBERT C. COLLINS III**
**IN SUPPORT OF NOTICE OF REMOVAL OF CARVANA, LLC**

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**ROBERT BODNAR, on behalf of himself**                                    **PLAINTIFF**

**and all others similarly situated**

**VS.**                          **Case No.** _____

**CARVANA, LLC**                                                           **DEFENDANT**


## DECLARATION OF ROBERT C. COLLINS III
## IN SUPPORT OF NOTICE OF REMOVAL OF CARVANA, LLC

I, Robert C. Collins III, hereby declare as follows:

1.      I am a partner at the law firm of Latham & Watkins LLP.  I have knowledge of the facts stated in this declaration and make this declaration in support of the Notice of Removal of Carvana, LLC in the above-captioned action.  I am over 18 years of age.  The facts contained in this declaration are based on my personal knowledge.

2.      A true and correct copy of an Entity Search printout for Carvana, LLC obtained from the Arizona Secretary of State's website is attached hereto as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on this 19th day of January, 2022.


                                                    /s/ Robert C. Collins III

# EXHIBIT A

ENTITY INFORMATION

Search Date and Time: 12/6/2021 10:44:17 AM

Entity Details

Entity Name:

CARVANA, LLC

Entity ID:

L17453586

Entity Type:

Domestic LLC

Entity Status:

Active

Formation Date:

3/9/2012

Reason for Status:

In Good Standing

Approval Date:

3/13/2012

Status Date:

Original Incorporation Date:

3/9/2012

Life Period:

Perpetual

Business Type:

Last Annual Report Filed:

Domicile State:

Arizona

Annual Report Due Date:

Years Due:

Original Publish Date:

5/11/2012

Statutory Agent Information

|  |  |
|---|---|
| Name: | |
| CORPORATION SERVICE COMPANY | |
| Appointed Status: | |
| Active 2/26/2019 | |
| Attention: | |
| Address: | |
| 8825 N 23RD AVENUE SUITE 100, PHOENIX, AZ 85021, USA | |
| Agent Last Updated: | |
| 2/26/2019 | |
| E-mail: | |
| Attention: | |
| Mailing Address: | |
| 8825 N 23RD AVENUE SUITE 100, PHOENIX, AZ 85021, USA | |
| County: | |
| Maricopa | |

Principal Information

| Title | Name | Attention | Address | Date of Taking Office | Last Updated |
|---|---|---|---|---|---|
| Manager | CARVANA GROUP LLC | | 1930 W RIO SALADO PKWY, TEMPE, AZ, 85281, USA | 2/8/2016 | 8/8/2017 |
| Member | CARVANA CO SUB LLC | | 1930 W RIO SALADO PKWY, TEMPE, AZ, 85281, USA | 8/7/2017 | 8/9/2017 |
| Member | CARVANA GROUP LLC | | 1930 W RIO SALADO PKWY, TEMPE, AZ, 85281, USA | 2/8/2016 | 8/8/2017 |

Page 1 of 1, records 1 to 3 of 3

Address

Privacy Policy (http://azcc.gov/privacy-policy) I Contact Us (http://azcc.gov/corporations/corporation-contacts)

Attention:

Address: ATTN: LICENSING DEPT 1930 W RIO SALADO PKWY, TEMPE, AZ, 85281, USA

County: Maricopa

Last Updated: 3/9/2012


Entity Principal Office Address

Attention:

Address:

County:

Last Updated:


Back    Return to Search

Return to Results

Document History    Name/Restructuring History

Pending Documents    Microfilm History