IN THE CIRCUIT COURT OF CRITTENDEN_COUNTY, ARKANSAS

| | |
|---|---|
| ROBERT BODNAR, on behalf of himself  and all others similarly situated, | |
| Plaintiff, | Case No. 18CV-21-03 |
| vs. | Jury Trial of Twelve (12) Jurors Demanded |
| CARVANA, LLC, | |
| Defendants. | |

## COMPLAINT - CLASS ACTION

### I.   INTRODUCTION

This is a consumer protection action brought to redress and restrain violations of the Arkansas Deceptive Trade Practices Act against a national used car dealer for its delay in permanently transferring the car's title for months and months which it had contractually represented to hold and agreed to  transfer. As a result, consumers are often unable to legally drive the cars they purchased because they cannot timely register the car or get adequate insurance coverage.

### II.   PARTIES

1.      Plaintiff, ROBERT BODNAR, is an adult individual presently residing at 610 N. Avalon St., West Memphis, AR 72301.

2.      Defendant, CARVANA LLC ["CARVANA"] is a Georgia corporation conducting business in the State of Arkansas. CARVANA is also a licensed used car dealer required to comply with the Motor Vehicle Administration, Certificate of Title, and Antitheft Act, Ark. Code Ann. § 27-14-902.

## III.    FACTUAL ALLEGATIONS

3.      At all times relevant hereto, defendant acted by and through its agents, servants, and employees who acted within the scope of their authority and within the course of their employment.

4.      At all times relevant hereto, Arizona permits a non-resident to purchase a 90-day non-resident permit, a temporary paper license plate, to allow the individual to drive their vehicle back to the state in which they reside, 28 § 2156.

5.      At all times relevant hereto, Tennessee does not permit renewal 30 days after a temporary tag's issuance, Tenn. Code Ann. § 55-4-103(a)(1)-(2).

6.      On or around May 2, 2021, Plaintiff purchased online from Defendant a 2020 Hyundai Kona, VIN# ending in XXXX2460 (hereinafter referred to as "the Vehicle") by executing a written retail installment contract ("RISC") (attached hereto as Exhibit A) with the following material terms:

      a.  The RISC would be subject to Arkansas law.

      b.  The Parties agreed to a $25,158.77 cash sale price;

      c.  CARVANA imposed a State License Registration Fee of $25.39;

      d.  CARVANA imposed a State Title Fee of $10.00

      e.  CARVANA imposed a Temporary Permit fee of $1.00

      f.  CARVANA charged a Vehicle Protection fee of $1,175.00.

7.      At the time of the purchase, CARVANA's dealer location was listed in the sales documents as 7201 Appling Farms Pkwy., Memphis TN 38133.

8.      CARVANA delivered the vehicle with a Tennessee temporary license tag to

2

Plaintiff's residence address in Arkansas.

  9.  At the time of the aforesaid delivery, the vehicle was registered in Tennessee with a temporary Tennessee tag on the vehicle.

  10.  At the time of the aforesaid delivery, Plaintiff signed in Arkansas some of the sales and delivery documents in paper and electronic form.

  11.  After the first temporary license tag expired at the end of May 2021, CARVANA failed to provide Plaintiff with his permanent registration as it was required to do so pursuant to Plaintiff's payment for such service reflected in the RISC.

  12.  Instead, on or about June 1, 2021, without the legal right or authorization to do so, CARVANA provided plaintiff with a new temporary license tag for the duration of thirty (30) days issued by Tennessee's Department of Motor Vehicles.  When it provided the improper Tennessee registration, CARVANA concealed from the Plaintiff that it was not authorized by the State of Tennessee to do so.

  13.  When the second temporary tag expired at the end of June, Defendant instructed Plaintiff to drive the vehicle to the Carvana tower in Memphis, TN where, without the legal right or authorization to do so, CARVANA provided plaintiff with a third temporary license tag for the duration of ninety (90) days issued by Arizona's Department of Motor Vehicles.  When it provided the improper Arizona registration, CARVANA concealed from the Plaintiff that it was not authorized by the State of Arizona to do so.

  14.  Plaintiff relied upon the RISC and CARVANA's promises to have the vehicle properly registered in the State of Arkansas as evidenced by his agreements in the RISC, his trade-in of his prior vehicle, and his payments on the purchased vehicle (which included the fees imposed and thereafter collected by CARVANA that are specified in ¶ 6 *supra*).

3

15.     As of the date of this filing, title to the vehicle remains under its original lien holder, Hyundai Financial Leasing and, as a result, Plaintiff's Credit Union is denied clear title on the collateral it is financing.

16.     As of the date of this filing, CARVANA has still not provided Plaintiff permanent registration as it was required to do so pursuant to the RISC and for which Plaintiff paid it to do so.

17.     In August 2021, the State of North Carolina revoked CARVANA's Raleigh area dealers license for, among other infractions of dealer licensing laws, not delivering the vehicle title to the DMV in a timely manner and improperly issuing out-of-state temporary tags and plates to buyers similarly situated to the Plaintiff who otherwise had no connection to the states from which the temporary tags and plates issued.

18.     Upon information and belief, it is averred that CARVANA's state law compliance policies and practices are such that it routinely issues multiple temporary license tags in violation of state laws governing the issuance of temporary license tags. More specifically, class discovery will reveal that CARVANA's records indicate routine repeated generation of temporary license tag reissuances by CARVANA's computer system in connection with sales transactions in the State of Arkansas and throughout the United States in the same manner and form as what occurred with the Plaintiff. This belief is based in part on other consumer's experiences and also the administration action taken against CARVANA recently by the State of North Carolina.

19.     Plaintiff suffered actual damages from CARVANA's aforesaid conduct in that he paid CARVANA fees and charges in the amount of $36.39 for licensing and registration for the vehicle which CARVANA failed to complete.

20.     The RISC contains *no* forced arbitration clause.

4

21.     CARVANA created a standalone separate document entitled "Arbitration Agreement" purporting to require the Parties to participate in forced arbitration, but this clause is void under Arkansas law which prohibits arbitration of disputes involving:

> An automobile dealer and an auto purchaser, unless the purchaser agrees in a separate writing that acknowledges in bold print the purchaser's waiver of the right to sue in court (Ark. Code Ann. § 4-75-413).

22.     The Arbitration Agreement does not contain the aforesaid required bold print acknowledgment of the purchaser's waiver of the right to sue in court.

**III.    Class Action Allegations**

23.     The allegations above are re-alleged and incorporated herein by reference.

24.     Plaintiff brings this action individually and as a class action, pursuant to Rules 1702 and 1708 of the Arkansas Rules of Civil Procedure on behalf of two classes of similarly situated persons defined as follows:

> a.  **Nationwide Title Class:**  All persons in the United States west of the Mississippi River who entered into contracts with CARVANA to purchase vehicles in the two years before the commencement of this action and CARVANA agreed to provide car registration services with non-temporary vehicle registrations in the state of their residence.

> b.  **Arkansas Title Class:**  All persons from the State of Arkansas who are members of the Nationwide Class.

25.     Plaintiff qualifies as a member of each of the proposed classes in the preceding paragraph.

26.     Excluded from each of the putative classes are any person who falls within the definitions if the person is (i) an employee or independent contractor of CARVANA; (ii) a relative of an employee or independent contractor of the CARVANA; or (iii) an employee of the Court where this action is pending.

27.     The proposed class definitions in ¶ 24 as limited by ¶ 26 may be amended or modified from time to time.

28.     The particular members of the (i) **Nationwide Title Class**, and (ii) **Arkansas Title Class**, (collectively referred to as **"Proposed Classes"**) are capable of being described without difficult managerial or administrative problems.  The members of the putative classes are also readily identifiable from the information and records in the possession or control of the Defendant or its affiliates and agents, and from public records.

29.     The Proposed Classes are sufficiently numerous and exceed more than fifty persons each, such that individual joinder of all members is impractical.  This allegation is based on a publically filed data disclosed by CARVANA's public filings.

30.     The Proposed Classes are so numerous that joinder of all members is impracticable.

31.     There are questions of law and fact common to the Proposed Classes which predominate over any questions affecting only individual members of the putative class and subclass. The wrongs alleged against Defendant by the members of the Proposed Classes and the remedies sought by Named Plaintiff and the putative class members against CARVANA are identical.

32.     The common questions of law or fact for the Nationwide Title Class and Arkansas Title Class include but are not limited to:

6

    a.   Whether CARVANA breached its contracts by failing to provide the agreed upon non-temporary automobile registrations agreed to with the class members;

    b.   Whether CARVANA had the right to issue temporary registrations from the States other than class members' legal residence to the class members' vehicles when the transaction did not concern vehicles purchased from or sold to class members from outside their state of residence; and

    c.   Whether CARVANA's conduct was unfair, unconscionable, or constituted unfair competition;

    d.   Whether CARVANA is liable to the class members for the damages and losses, including nominal damages, in the form of the fees agreed upon for the services not reasonable provided.

33.    CARVANA's defenses (which defenses are denied) would be typical or identical for each member of the Proposed Classes and will be based on the same legal and factual theories.

34.    Certification of the Proposed Classes is appropriate as to the members of the Proposed Classes in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy.

35.    A class action will cause an orderly and expeditious administration of claims by the members of the Proposed Classes and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured.

36.    The only individual questions concern the identification of members of the Proposed Classes. This information can be determined by a ministerial examination of public

records or from CARVANA's business records or other sources including those from the State of Ohio, which are admissible as an exception to the hearsay rule and as a statement by a party.

37.    The Named Plaintiff's class claims are typical of the claims of the members of the Proposed Classes since they are based on and arise out of identical facts constituting the wrongful conduct of CARVANA (directly and indirectly).

38.    Plaintiff will also fairly and adequately represent and protect the interests of the Proposed Classes. He is similarly situated with, and has suffered similar injuries as, the Proposed Classes he proposes to represent. He also has retained counsel experienced in consumer class actions including actions involving unlawful collection and mortgage servicing practices. Plaintiff does not have any interests which might cause him not to vigorously prosecute this action or is otherwise adverse to the interests of the members of the Proposed Classes. He feels that he and the putative class members have been wronged, wishes to obtain redress of the wrong, and wants CARVANA stopped from failing to comply with its mandatory duties that form the basis of the class claims.

39.    The Proposed Class members have suffered actual damages, losses, and harm similar to those sustained by the Plaintiff.

## IV.    CAUSES OF ACTION

### COUNT I - BREACH OF CONTRACT
### (CLASS CLAIM ON BEHALF OF THE TITLE CLASS AND THE ARKANSAS TITLE CLASS)

40.    Plaintiff incorporates the preceding paragraphs herein. This claim is brought on behalf of the Plaintiff individually and on behalf of the Nationwide Title Class and the Arkansas Title Class members.

41.    As described herein, Plaintiff and Nationwide Title Class and the Arkansas Title

Class members formed contracts with CARVANA.

42.   Every contract imposes the duty of good faith and fair dealing upon the parties in performance and enforcement of the contract.

43.   An express and/or implied term of the contracts between the Plaintiff and the Nationwide Title Class and the Arkansas Title Class members, CARVANA agreed that the sale was being conducted in compliance with all laws and regulations governing such sales.

44.   By failing to permanently license and register the vehicles properly in exchange for the fees it charged and collected from the plaintiff and the Nationwide Title Class and the Arkansas Title Class members, Defendant CARVANA failed to conduct the sale of the vehicles to the Plaintiff and class members in compliance with all laws and regulations governing such sales and it improperly issued temporary registrations from the State of Ohio without the right to do so since, under Ohio law, it could not issue temporary vehicle registrations to vehicles with no nexus to the State of Ohio in the sales transaction.

45.   By its aforesaid conduct, Defendant CARVANA breached the terms of the contracts it had with the Plaintiff and the Nationwide Title Class and the Arkansas Title Class members, including any implied or express warranties therein, and acted in bad faith.

46.   Defendant CARVANA has wrongfully, recklessly, and/or intentionally breached the duty of good faith by denying Plaintiff and the Nationwide Title Class and the Arkansas Title Class members the benefits to which they bargained and paid for in their sales contracts.

47.   Defendant CARVANA's breaches of the covenant of good faith and fair dealing have proximately and directly caused damages to Plaintiff and the Nationwide Title Class and the Arkansas Title Class members.

## COUNT II - ARKANSAS DECEPTIVE TRADE PRACTICES ACT ("DTPA")

**(INDIVIDUAL CLAIM)**

48.     Plaintiff incorporates the preceding paragraphs herein. This claim is brought on behalf of the Plaintiff individually and on behalf of the Arkansas Title Class members.

49.     The used motor vehicle sales practices described herein related to Defendant involve "goods" under the DTPA, § 4-88-101(4) sold by a "person", § 4-88-101(5).

50.     Plaintiff purchased the subject vehicle for personal, family, and/or household purposes.

51.     CARVANA by its acts or omissions described herein, made materially false, misleading oral or written statements or other representations, directly and indirectly through authorized agents and employees, which it knew or should have known violated Arkansas law. These violations include but are not limited to imposing and collecting car registration fees for which it did not perform the agreed upon service and/or utilized an unfair and deceptive practice of issuing temporary registrations from the State of Arkansas without the right to do so.

52.     Plaintiff suffered damages as described herein.

53.     As a licensed installment seller CARVANA knew or should have known prior to making the sales to Plaintiff and Arkansas Title Class members the laws governing the transactions.

54.     CARVANA's routine business practices subject to this claim disregarded the (Arkansas Registration) laws governing the transaction.

55.     No reasonable person would assume that a licensed installment seller would violate the laws governing its activities. Plaintiff and the Arkansas Title Class members justifiably relied on CARVANA's acts and omissions by believing the fees charged to them were lawful and bona fide and they paid the fees as further evidence of that reasonable reliance.

56.    By   the   aforesaid   misrepresentations   and   others   referenced   herein,   these misrepresentations and omissions had the capacity, tendency, or effect of deceiving or misleading the plaintiff and otherwise unconscionably influence plaintiff to purchase the subject vehicle in violation of the DTPA by, including but not limited to:

a) Knowingly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, source, sponsorship, approval, or certification of goods or services, § 4-88-107(1);

b) Advertising the goods or services with the intent not to sell them as advertised, § 4-88-107(3);

c) The employment of bait-and-switch advertising consisting of an attractive but insincere offer to sell a product or service which the seller in truth does not intend or desire to sell, evidenced by Other acts ... demonstrating an intent not to sell the advertised product or services, § 4-88-107(5)(D);

d) Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade; in violation § 4-88-107(10);

e) in connection with the sale or advertisement of any goods, services, or charitable solicitation, unlawful:

(1) act, use, or employment by any person of any deception, fraud, or false pretense; or

(2) concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission.

§ 4-88-108.

57.    Additionally, CARVANA has engaged in unconscionable, false, or deceptive acts or practices in business, commerce, or trade in violation of § 4-88-107(10) conduct by:

a) Neglecting to endorse or deliver a certificate of title to a transferee or owner in violation of Ark. Code Ann. § 23-112-605(5) which states that it is a misdemeanor to "[f]alsify, alter, or neglect to endorse or deliver a certificate of title to a transferee or lawful owner...on a document of assignment or certificate of title."

b) Failing to sign and deliver the certificate of title to the purchaser or transferee at the time of delivery in violation of Ark. Code Ann. § 27-14-902(d) which states that "[t]he owner shall endorse an assignment and warranty of title upon the certificate of title for the vehicle, and he or she shall deliver the certificate of title to the purchaser or transferee at the time of delivery of the vehicle."

c) Violation of criminal laws is an unconscionable, false, or deceptive act in business, commerce, or trade.[1]

58.     By its deceptive and unconscionable conduct towards plaintiff as described above, CARVANA is strictly liable to Plaintiff for damages he incurred.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff requests that the Court grant judgment against the Defendant as follows:

A.  certifying this action as a Class Action with the Proposed Classed as defined above and with Plaintiff as the representative of the Proposed Classes;

B.  awarding Plaintiff and the Proposed Class members Classes appropriate damages under the legal theories alleged herein together with pre-judgment interest including but not

---

[1] An unconscionable act is one that "affronts the sense of justice, decency, reasonableness, including acts that violate public policy or a statute." *Independence Cty v. Pfizer*, 534 F. Supp.2d 882, 886 (E.D. Ark. 2008) *aff'd* 552 F.3d 659 (8th Cir. 2009). *See also State v. R&A Investment Co.*, 336 Ark. 289, 985 S.W.2d 299 (1999).

limited to imposing civil penalties pursuant to Ark. Code Ann. § 4-88-113(a)(3), to be

paid to the State by the Defendants in the amount of $10,000.00 per

each violation of the ADTPA proved at a trial of this matter; C.

ordering Defendant to pay costs penalties, and attorney's fees; and

D. granting such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

KATHY A. CRUZ, #87079
THE CRUZ LAW FIRM, PLC
1325 Central Ave
Hot Springs, AR 71901
T: 501.624.3600
E: kathycruzlaw@gmail.com

Dated: October 26, 2021

*Attorney for Plaintiff and the Putative Classes*

13